## Case No. 6,052.

### HARDING et al. v. WHITNEY.

[4 Cliff. 96;[1] 11 Int. Rev. Rec. 103.]

Circuit Court, D. Massachusetts. May Term, 1869.

CUSTOMS DUTIES—AD VALOREM DUTY—RULE FOR ASCERTAINING VALUE—MEANING OF "MARKET VALUE"—APPRAISEMENT.

1. By section 16 of the act of August 30, 1842 [5 Stat. 563], the actual market value or wholesale price of merchandise imported into the United States and subject to an ad valorem duty, or where the duty imposed was regulated by, or based upon, the value of the square yard, or of any specific quantity of the same, was required to be ascertained, as it was in the principal markets of the country from which the same was imported, and at the time the merchandise was purchased, and that there should be added thereto, as the true value upon which the duties should be assessed, all costs and charges except insurance, but including a charge for commissions.

[See Bailey v. Goodrich, Case No. 735.]

2. The same provision was incorporated into the act of March 3, 1851 [9 Stat. 629], except that the actual market value or wholesale price of the merchandise, under the latter act, was to be ascertained at the period and place of exportation.

3. Under the act of March 3, 1851, where the liability of the merchandise to import duty depends upon the value of a given quantity or parcel of the same, there is no necessity for a preliminary appraisement in order to ascertain whether it is subject to duty at all, or entitled to free entry, before it is appraised as required by law to ascertain its dutiable value.

4. Where wool was baled up before it was purchased, the words "market value" in the act of August 30, 1842, include the cost of covering as well as the goods.

5. On entry of imported merchandise actually purchased, or procured otherwise than by purchase, the owner, consignee, or agent may make such addition in the entry to the cost or value given in the invoice, as may, in his opinion, raise the same to the true market value of such imports in the principal markets of the country, where the importation is made, and may add thereto all costs and charges which would form a part of the true value at the port where the same was entered. No duties can, however, be assessed upon an amount less than the invoice or entered value.

6. Where the price paid for the merchandise included the box, package, or covering, the appraisers ascertain the actual market value, or wholesale price, of the merchandise, in the condition as purchased at the time, in the principal markets of the country from which the same was imported. Charges for baling or covering in such cases are not to be added, because they are included in the purchase as a part of the merchandise.

[Cited in Saxonville Mills v. Russell, Case No. 12,413.]

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[This was an action at law by Charles L. Harding and others against James S. Whitney.]

M. E. Ingalls, for plaintiff.

W. A. Field, Asst. U. S. Atty., for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Assumpsit against the defendant, as collector, to recover back import duties alleged to have been illegally exacted and paid under written protest. By the agreed statement upon which the case was submitted, it appeared that the plaintiffs, on June 29, 1860, imported from Melbourne, Australia, via Liverpool, England, to this port, fifteen bales of unmanufactured wool, containing in all seven thousand and four pounds. Wool, unmanufactured, when imported from foreign countries, was by the act of congress of July 13, 1846, subject to a duty of 30 per cent ad valorem, but the rate of the duty was reduced by the act of March 3, 1857, to 24 per cent ad valorem, and section 3 of the same act, which was in force at the date of the importation in this case, provides "that sheep's wool, unmanufactured, of the value of twenty cents per pound, or less, at the port of exportation," shall be exempt from duty, and be entitled to free entry. 9 Stat. 42, 46; 11 Stat. 192, 194. Actual market value, or wholesale price of merchandise imported into the United States, in all cases where it is subject to an ad valorem rate of duty, or where the duty imposed shall by law be regulated by, or be directed to be estimated or based upon, the value of the square yard, or of any specified quantity or parcel of the same, was required by section 16 of the act of August 30, 1842, to be appraised, estimated, and ascertained, as it was in the principal markets of the country from which the same was imported, and at the time when the merchandise was purchased, and the provison was, that to such value or price should be added, as the true value upon which the duties should be assessed, all the costs and charges, except insurance, and including in every case a charge for commission at the usual rates. 5 Stat. 563; Cobb v. Hamlin [Case No. 2,922].

The same provision was incorporated into the appraisement act of March 3, 1851, except that the requirement in that act is, that the actual market value or wholesale price of the merchandise shall be appraised, estimated, and ascertained at the period and place of exportation, which was the provision when the merchandise in this case was purchased and imported. 9 Stat. 629. None of these regulations are controverted by the plaintiffs, but they contend that in all cases where the liability of merchandise to an import duty depends upon the value of a given quantity, or parcel, of the same, there must be a preliminary appraisement of the same,

in order to ascertain whether it is subject to duty at all, or entitled to free entry before it is appraised, as required by law, to ascertain its dutiable value. Costs and charges, they admit, must be added in the second appraisement, as the true value of the merchandise at the port at which the same may be entered, upon which the duties shall be assessed; but they deny that any such addition should be made in the preliminary appraisal to ascertain whether the merchandise should be entitled to free entry, or be held to be subject to duty. But the views of the plaintiffs, as applied to this case, cannot be sustained for two reasons, either of which is entirely conclusive that the action of the collector was correct.

Because the wool was "baled up'" before it was purchased in the foreign market, and was purchased and sold in the bale, leaving no doubt that the price paid included the covering, as well as the wool which it contained. In such a case, the words actual "market value" used in section 16 of the act of August 30, 1842, include the cost of the covering, as well as the goods, as the whole are sold together, without any additional charge for the covering. Such costs and charges enter into and form a constituent part of the market value and wholesale price of the goods at the place of exportation. Grinnell v. Lawrence [Case No. 5,831]; Cobb v. Hamlin [supra].

Because the appraisers did not add anything to the value of the merchandise as expressed in the invoice, and because the duties were not assessed upon any greater sum or higher value than that made in the entry made by the consignee and owner. Deducting the usual cost of the baling, the wool in this case cost less than 20 cents per pound, but the parties agree that it was actually in bales, and that the cost as purchased, including the baling, was more than that sum. Entry was made on October 21, 1860, and the value of the merchandise, as expressed in the entry and invoice, rendered the same subject to the duty as assessed by the collector. Pursuant to the usual course of proceedings as required by law, the collector sent the merchandise to the public store, and the report of the appraisers shows that they found that the actual market value or wholesale price of the same, at the time of purchase, and place of exportation, was correctly expressed in the invoice and entry. No appeal was taken from their decision, except to the secretary of the treasury, and he affirmed their report, and directed the collector to assess the duties at 24 cents, as provided by law in cases where the actual market value or wholesale price of unmanufactured wool exceeds 20 cents per pound.

Evidence to show that the merchandise might have been purchased in bulk at a price less than 20 cents per pound is immaterial, as the conceded fact is that it was actually

purchased in bale, and at a price greater than the minimum sum required to subject it to duty. Imported merchandise subject to an ad valorem duty, cannot be admitted to entry except in a very limited class of cases not necessary to be noticed in this case, unless the true invoice of the same be presented to the collector at the time of entry; and in all cases where the merchandise was actually purchased, and the entry is made by the owner, he must make oath that the entry contains a just and true account of the merchandise as imported, and that the invoice as presented to the collector contains a just and faithful account of the actual cost of the importation, and of all charges thereon. [Act March 1, 1823], 3 Stat. 729, 731. Experience shows that over valuation, either in the invoice or entry, seldom occurs, and that it is safe to leave the correction of such errors to the treasury department. On entry of imported merchandise, actually purchased, or procured otherwise than by purchase, it is lawful for the owner, consignee, or agent, as the case may be, to make such addition in the entry to the cost or value given in the invoice as in his opinion may raise the same to the true market value of such imports in the principal markets of the country where the importation shall have been made, and to add thereto all costs and charges which, under existing laws, would form a part of the true value at the port where the same may be entered, but the provision is express, that under no circumstances shall the duties be assessed upon an amount less than the invoice or entered value. 9 Stat. 43; 11 Stat. 199; Gilmore v. Goodrich [Case No. 5,447], per Lowell, J.

Reappraisement is allowed at the instance of the government, in the case of fraud, or of newly discovered evidence, showing gross error in the first appraisement, or in case of appeal by the importer, at the instance of either party, but it is a great mistake to suppose that the merchandise must be twice appraised in cases where the importation is entitled to free entry, if below a certain value, or that the proceedings or making the appraisement, in such cases, differ from, in any respect, the ordinary course of proceedings in ascertaining the value of imported merchandise as the basis for the assessment of import duties.

Appraisers may add to the invoice or entered value of the merchandise, but they cannot reduce the value as given in the invoice or entry; and their finding, even in cases where they add to the invoice or entered value, unless appealed from, is conclusive. Tappan v. U. S. [Case No. 13,749]; Bartlett v. Kane, 16 How. [57 U. S.] 263; Belcher v. Linn, 24 How. [65 U. S.] 508. Where the price paid for the merchandise included the box, package, or covering, the appraisers have nothing to do but ascertain the actual market value or wholesale price of the merchandise in the condition as purchased at the time in the principal markets of the country from which the same was imported. Charges for the bailing or covering. in such cases, are not to be added, because they are included in the purchase as a part of the merchandise.